In the Matter of the Claim of FLORENCE L. KEAR, Respondent, against MARY IMMACULATE SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a laundry worker and in 1948 her hands were caught in a mangle. Both hands were crushed to the area of the wrists; the skin was deeply burned, exposing the tendons and tendon sheaths. There was amputation of the middle, ring, and fifth fingers of the left hand and of the distal phalanx of the index finger of the same hand. Extensive surgery was carried out. Claimant commenced a third-party action which was settled for $30,000. On March 21, 1951, the case was on the referee's calendar for the discussion, among other things, of the effect of the settlement of the action on the compensation claim. Claimant was on that day examined by a compensation board physician who reported to the referee that there was a 100% loss of use of each hand. The referee added " of which I make a finding that the claimant has a permanent total disability." Appellants argue here that they were deprived of the right to cross-examine the State examiner on this opinion; but no request was made at this hearing to question him, and a mere formal objection was noted that " the medical evidence does not constitute a permanent total disability " with the further reservation of the right to " have the claimant examined " on that question. The referee said " All right " to this. But no such examination was applied for during the succeeding seven weeks, and on May 15th, the referee rendered his decision that claimant had a permanent total disability. Another seven weeks after this decision appellants had claimant examined by a " well known orthopedist " who reported that from an occupational standpoint claimant had a 100% loss of function of both right and left hands. He suggested " Reconstructive surgery " which " If successful " would make claimant " an occupational risk." This report was made part of the file of the case, but it did not, of course, automatically change the decision which the referee had made some time before. Two months later, September 7, 1951, appellants applied to the board to reopen the case to consider this " new evidence, recently brought to light ". At the hearing before the board panel, claimant objected because of the extensive previous surgery to undergoing further surgery, the result of which depended on whether it would be " successful ". The board refused to reopen the case because it felt that the opinion of the appellants' examiner was not timely made; and further that the surgery suggested did not offer claimant a " reasonable chance " for successful conclusion. The appellants had full opportunity to have examined the State's physician whose opinion, indeed, exactly coincided with their own examiner on the totality of loss of use of the hands; and the medical view that surgery might help ought promptly to have been presented. The board did not need to wait indefinitely on the carrier's decision; and on the merits of the proposal for further surgery, we are of opinion the board was not required on the basis of the appellants' medical report, accepting it at full value, to order claimant to submit to further surgery against her objection. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.